UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI JONES, | No. 1:15-cv-01417-DAD |
| Plaintiff/Appellee, | |
| v. | ORDER FOR APPELLANT TO COMPLY WITH PROCEDURAL REQUIRMENTS OF BANKRUPTCY APPEAL |
| JUAN ENRIQUE HURTADO, | |
| Defendant/Appellant. | (Doc. No. 5) |

On July 17, 2015, appellant Juan Enrique Hurtado filed a notice of appeal from a May 18, 2015 judgment by the United States Bankruptcy Court for the Eastern District of California in Adversary Proceeding No. 11-01102. (Doc. No. 1, p. 2-6.) On September 18, 2015, the U.S. Bankruptcy Appellate Panel (BAP) of the Ninth Circuit issued an order transferring this appeal to the district court. (Doc. No. 1, p. 1.) On September 21, 2015, the Clerk of the Court issued an opening letter informing appellant that his appeal from the bankruptcy court had been received. The opening letter advised appellant that:

> [T]he parties' next step in prosecuting this appeal is compliance with F.R.B.P. 8006 and 8007. These rules require the appellant to file within 14 days a designation of record, statement of issues on appeal and a notice regarding the ordering of transcripts with the bankruptcy court.

(Doc. No. 2.)

/////

1

On September 21, 2015, this court also issued a "Notice to Bankruptcy Court" that the district court had received and docketed the notice of appeal in the matter. (Doc. No. 2-1.) To date, however, appellant has not filed a designation of record, a statement of issues on appeal, or a notice regarding the ordering of transcripts. On January 4, 2016, appellee Patti Jones filed a motion to dismiss the appeal for lack of prosecution on the grounds that the procedural requirements noted above had not been fulfilled. (Doc. No. 5, 1:23-2:3) Additionally, appellee alleges that appellant has failed to notify the bankruptcy court that this appeal has been assigned to this court. (*Id.*)

District courts may impose sanctions, including dismissal, upon an appellant for non-prosecution. *See* Bankr. R. 8001 (an appellant's failure to take steps required to prosecute an appeal, other than the timely filing of a notice of appeal, may be grounds for such action as the district court deems appropriate, including dismissal); *see also Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988); *United States v. Consolidated Freightways*, 178 F.2d 756 (9th Cir. 1950); *Tucker Products Corp. v. Helms*, 171 F.2d 126 (9th Cir. 1948). However, such a dismissal constitutes an abuse of discretion if the court fails to consider both (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney. *See Myers v.* Shekter (In Re Hill), 775 F.2d 1385, 1386 (9th Cir. 1985); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (addressing the standards for dismissal under Fed. R. Civ. P. 41(b)).

A district court adequately considers the necessary factors before dismissal if (1) the court imposed deadlines for the prosecution of appellant's appeal and (2) the court, in effect, has also warned appellant that if he does not comply with the court's schedule, his appeal will be subject to dismissal. *See Greco*, 859 F.2d at 1404. These intermediate steps show that the court has sufficiently considered and exhausted alternatives to dismissal of the appeal. *Cf. Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (district court adequately considered alternatives to dismissal under Fed. R. Civ. P. 41(b) when it set deadlines for prosecution of the case and warned the party that failure to meet deadlines would result in dismissal). Accordingly, this court will provide appellant with one last deadline to meet in order to prosecute his appeal and hereby

specifically advises him that if he does not comply with this deadline his appeal will be dismissed.

Based upon the foregoing:

1) Appellant Juan Enrique Hurtado is directed to file with this court, on or before February 9, 2016, a designation of record, a statement of issues on appeal, and a notice regarding the ordering of transcripts; and

2) Appellant is advised that if he does not comply with this February 9, 2016 deadline his appeal will be dismissed.

IT IS SO ORDERED.

Dated:   **January 12, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE