UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI JONES,<br><br>        Plaintiff/Appellee,<br><br>    v.<br><br>JUAN ENRIQUE HURTADO,<br><br>        Defendant/Appellant. | No. 1:15-cv-01417-DAD<br><br>ORDER GRANTING APPELLEE'S MOTION TO DISMISS<br><br>(Doc. No. 20) |

On July 17, 2016, appellee Patti Jones filed a motion to dismiss this bankruptcy adversary appeal for failure to file an opening brief under the Federal Rules of Bankruptcy Procedure. (Doc. No. 20.) The motion was served on appellant's counsel. (Doc. No. 21.) Nonetheless, no opposition to the motion to dismiss has been filed. Appellee contends in her motion to dismiss that appellant "Juan Hurtado has missed numerous deadlines in this appeal, causing significant delays in disposition to the prejudice of Jones." (*Id*. at 1.) Indeed, appellant's opening brief in this bankruptcy appeal was originally due on July 6, 2016. However, on that date he sought a nine-day extension of time to file his opening brief and in doing so stated "no further requests for extensions of time will be requested by Appellant during [this] appeal." (Doc. No. 17 at 1.) On July 8, 2016, the court granted the extension, set a new deadline of July 15, 2016, for the filing of appellant's opening brief and specifically warned that:

/////

1

> [A]ppellant is forewarned that the court will not grant appellant any further extensions of time in this regard. Moreover, any failure by appellant to comply with filing deadlines may result in the imposition of sanctions including the possible dismissal of his appeal.

(Doc. No. 19 at 2.)[1] However, almost three months have passed since the extended July 15, 2016 deadline for appellant to file his opening brief and he has failed to do so.

District courts may impose sanctions, including dismissal, upon an appellant for non-prosecution. *See* Bankr. R. 8001 (an appellant's failure to take steps required to prosecute an appeal, other than the timely filing of a notice of appeal, may be grounds for such action as the district court deems appropriate, including dismissal); *see also Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988); *United States v. Consolidated Freightways*, 178 F.2d 756 (9th Cir. 1950); *Tucker Products Corp. v. Helms*, 171 F.2d 126 (9th Cir. 1948). A dismissal for non-prosecution may constitute an abuse of discretion if the court fails to first consider both (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney. *See Myers v.* Shekter *(In Re Hill)*, 775 F.2d 1385, 1386 (9th Cir. 1985); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (addressing the standards for dismissal under Fed. R. Civ. P. 41(b)).

A district court adequately considers the necessary factors prior to dismissing an appeal if (1) the court imposed deadlines for the prosecution of appellant's appeal and (2) the court, in effect, has also warned appellant that if he does not comply with the court's schedule, his appeal will be subject to dismissal. *See Greco*, 859 F.2d at 1404. The taking of these intermediate steps show that the court has sufficiently considered and exhausted alternatives to dismissal of the appeal. *Cf. Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (concluding that the

---

[1] Moreover, on January 13, 2016, in ordering appellant to comply with procedural requirements that he had failed to timely satisfy, the court specifically warned appellant:

> [T]his court will provide appellant with one last deadline to meet in order to prosecute his appeal and hereby specifically advises him that if he does not comply with this deadline his appeal will be dismissed.

(Doc. No. 6 at 3.)

1  district court adequately considered alternatives to dismissal under Fed. R. Civ. P. 41(b) when it
2  set deadlines for prosecution of the case and warned the party that failure to meet deadlines would
3  result in dismissal).

4      Here, the court imposed deadlines for the prosecution of appellant's appeal and also
5  warned appellant on multiple occasions that if he did not comply with the court's scheduling
6  order, his appeal will be subject to dismissal.  The court has considered alternative measures as
7  well as whether the conduct in question was caused entirely by the party's attorney.[2]  Despite
8  appellant having been repeatedly warned that his failure to file his opening brief within the time
9  provided by the court would subject his appeal to dismissal, he has repeatedly failed to abide by
10 court ordered deadlines.  At this point, the court is left with no other alternative, but to grant
11 appellee's motion to dismiss and dismiss this bankruptcy adversary appeal.

12     For the reasons set forth above,

13     1) Appellee's motion to dismiss (Doc. No. 20) is granted; and

14     2) The Clerk of the Court is directed to terminate this action and close the case.

15 IT IS SO ORDERED.

16 Dated: __**October 12, 2016**__      /s/ Dale A. Drozd
17     UNITED STATES DISTRICT JUDGE

---

[2] There is no such indication here.